J. J. Coy, Appellee, v. The Minneapolis & St. Louis Railroad Company, Appellant.

Contract by Correspondence: TO OBTAIN RIGHT OF WAY DEED: *Enforceability.* Where a contract for the sale of a railroad right of way had been entered into between the parties by correspondence, and when a deed was sent to the vendor for execution, his only objection related to a crossing in controversy, he could not, in an action for a conveyance thereafter brought by the railroad company, claim that the deed did not comply with the contract in that it was a warranty deed of the fee, and not a right of way merely, the court being authorized to require such a conveyance as would comply with the contract.

*Same.* Where a railroad's attorney wrote plaintiff that he could not agree to put in an under-crossing, which matter would have to be determined by the constructing engineer, and plaintiff answered that it would be satisfactory to determine the crossing when the engineers constructed the road, and further correspondence showed that the matter was to be left to the engineers, plaintiff was not entitled thereafter to refuse to execute a deed on the

ground that he did not agree to be bound by the conclusion of the engineer as to the crossing.

*Same.* Where a vendor of land for a right of way for a railroad refused to sign the deed only because of a dispute as to a crossing, he was not thereafter entitled to claim that defendants had not complied with their contract, in that they sent the deed to P. for execution instead of to a bank, and because the money was not sent until some days thereafter, contrary to stipulations in the contract.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 14, 1902.

THIS action was brought by the plaintiff to recover damages for building a railroad across his land without first having obtained the right so to do. The defendant answered, admitting the building of the road as alleged, but averring that it entered upon the plaintiff's land and constructed its road thereon with his permission. By way of a cross bill the defendant pleaded a written contract with the plaintiff whereby he agreed, in consideration of the sum of $308.56 and the condition named therein, to convey to the defendant a strip of land 100 feet wide across his land for a right of way for its railroad. The defendant alleged performance of its part of the agreement, and asked that the plaintiff be compelled to convey according to its terms. The case, as to the cross bill, was transferred to the equity side of the calendar and tried. Judgment was rendered dismissing the same, and the defendant appeals.—*Reversed.*

*Albert E. Clarke* for appellant.

*Botsford, Healy & Healy* for appellee.

SHERWIN, J.—The defendant relies upon the following letters as constituting the contract pleaded: "June 24, 1899.

Mr. J. J. Coy, Humboldt, Iowa—Dear Sir: I am willing to pay you $50.00 per acre for the land taken, but cannot agree to put in an under-crossing, because we never, under any circumstances, agree to put in an under-crossing. That is a matter which the engineers will have to determine when they are constructing the road, and it cannot be determined before that time. The law requires us to put in the proper crossings to accommodate the landowner, and I have no doubt that when the road is constructed the law will be complied with to your satisfaction. However, we cannot determine those questions in advance. If you are willing to accept $50.00 per acre for the land taken, with a stipulation that the railroad company shall put in such crossings as are required by the law of the state, and will write me to that effect, I will have a deed made, and will send the money and deed to the bank, as requested. Yours truly, Albert E. Clarke, General Attorney." "Humboldt, Iowa, July 8, 1899. Albert E. Clarke, General Attorney, Minneapolis, Minn.—Dear Sir: Noted from yours of the June 24 that you would pay $50.00 per acre, but not agree to put in an under-crossing until engineers determine, they constructing the road; so it looks to me that may be so, now I'll say this if when road constructed and em-bankments be so could be put in an under-crossing then should, be put in, but if embankments through my land that cannot be put in an under-crossing then proper crossing to do in that way, looks to me that would be satisfaction bought partys, which I'll trust that do to satisfaction or if it not do, yet it be favor to me to know when engineers will do they constructing road, then I may know something about a matter when I was talking with Mr. Prouty then was to be put under-crossing and proper crossings and $50.00 per acre that was somewhat agreement. Now it looks to me that would be safe to agree as fare for bouth partys. Hoping to hear soon, Yours truly, J. J. Coy." "July 10, 1899. Mr. J. J. Coy, Humboldt, Iowa: I received your favor of July 8th. I am willing ot pay you $50.00 per acre

for the land we take crossing your property with our railroad. The exact amount taken is 6 17-100 acres, which would be $308.50. I am willing to put a condition in the deed that, if in the opinion of our engineers an under-crossing can be advantageously constructed, it shall be done; otherwise we will put in the crossing required by law. If this agreement is satisfactory to you, advise me to that effect and I will have a deed and partial release of mortgage prepared, and send them both to you. You can then have the party holding the mortgage upon the property release the right of way and send the release and the deed to the Estherville State Bank, Estherville, Iowa, to be delivered on payment of the money. Please let me know if this is satisfactory to you. Yours truly, Albert E. Clarke, General Attorney." "Humboldt, Iowa, July 15th, 1899. Albert E. Clarke, General Attorney, Minneapolis, Minn.—Dear Sir: Yours of the 10th at hand and noted that you are willing to put condition in the deed that if in the opinion of engineers an under-crossing can be constructed it shall be done, so I trust that be satisfaction. It be favor to me send deed and release of right of way and money to the Peoples Bank, Humboldt, Iowa, as was noted from yours of June 24th that you send papers and money to noted bank, then when all be satisfaction then I'll send paper to Esterville State Bank or where you wish. Please let me know if this is satisfactory. Yours truly, J. J. Coy." On the eighteenth of July Mr. Clarke wrote the following letter to Mr. Coy: "Minneapolis, Minn., July 18, 1899. Mr. J. J. Coy, Humboldt, Iowa—Dear Sir: I have prepared a deed in accordance with the agreement in my letter of the 10th and yours of the 15th. I will send the deed to Mr. J. N. Prouty, who will examine it. I will also send him an abstract of title, so that he can see what releases are required. With these papers I will also send him a blank form of release. When you execute the deed and get the release you can present them to Mr. Prouty, and he will pay you the money. Yours truly, Albert E. Clarke, General

Attorney,"—and in accordance with its terms sent the deed which he had prepared for the plaintiff to sign to Mr. Prouty. It was soon thereafter shown the plaintiff, whose only objection thereto was because it did not particularly state the reasons why an under-crossing might not be available or advantageous in the opinion of the company's engineers, and because he did not want the matter left to the defendant's engineers. The plaintiff did not sign the deed, but continued insisting upon an under-crossing, and stated if he could not, and did not, get it, he ought to have $600 for the right of way.

It is very apparent from the letters set out that the proposition submitted to the plaintiff by Mr. Clarke was direct and plain, and fully understood by the plaintiff. Indeed he does not claim that he did not understand it. He contends, however, that the deed sent on to him to execute was a warranty deed of the fee, and not merely for the right of way for the railroad, and contained a release which had not been expressly stipulated for. A sufficient answer to this is found in the fact that he made no such objection to the deed, and that the court can require such conveyance as shall meet the contract of the parties. *Railroad Co. v. McWilliams,* 71 Iowa, 169. There is nothing in the claim that the plaintiff did not agree to be bound by the conclusion of the defendant's engineers as to whether an under-crossing could be advantageously constructed. The whole correspondence clearly shows that he so understood it, and for a long time after these letters were written he was still waiting, undecided as to whether he would close under the terms of this contract, until he could learn the conclusion of the railroad engineers as to the crossing.

It is also contended that as the deed was sent to Prouty instead of to the bank, and as the money was not sent until a few days thereafter, the contract was not complied with on the defendant's part; but these claims are stale and technical, in view of the fact that the plaintiff expressly refrained from signing the deed because of the under-crossing matter, and for no other reason. This he testifies to

positively himself.   And in addition to this the plaintiff's letter of acceptance of the fifteenth of July is not conditioned upon the sending of the money and papers to the bank.   It contains the statement simply that it will be a favor if they are sent there.   It is also said that this letter is not a definite acceptance of the defendant's offer, because of the language "then when all be satisfaction," etc. ; but this language clearly means that, if the deed contains the provision agreed upon as to the under-crossing, it will be all right.   That was the sole and only thing which had before or then stood in the way of an amicable arrangement of the right of way matter, and this contract must at all times be read with this controlling thought in mind : and, when it is so read, in the light of the action of all parties, it is very clear that the defendant is raising every technical question possible to evade the performance of his deliberate written contract with the defendant.   After this contract was entered into the defendant prepared a deed which contained the exact stipulation they had agreed upon, and this was a full compliance with the agreement between them upon the only mooted point, and in strict compliance with the acceptance of the plaintiff in his letter of the fifteenth of July.

We think there was a completed contract in this case, and that the defendant complied substantially with all the conditions it undertook to perform, and that the plaintiff should carry out the contract on his part by conveying to the defendant the right of way contracted for upon payment of the agreed price.—REVERSED.

WEAVER, J., took no part.